UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
HECTOR RAMON FUENTES,

       Petitioner,     ORDER
 -against-         03 Civ. 7863 (DAB)
               95 Cr. 125 (DAB)
UNITED STATES OF AMERICA,

       Respondent.
------------------------------------X
DEBORAH A. BATTS, United States District Judge.

 Petitioner, appearing pro se, brings this motion to vacate, set aside, or correct his federal sentence pursuant to 28 U.S.C. § 2255. Petitioner originally filed his petition on October 6, 2003, on three grounds. By Order dated May 24, 2004, the Court disposed of the first two grounds by contemporaneously issuing a Second Rule 36 Amended Order of Judgment, to reflect the correct 96-month sentence imposed by the Court on March 30, 1999, instead of the incorrect 120-month sentence, which appeared on the original Final Order of Judgment. As to the third ground, which is the subject of this Order, the Court directed Petitioner in its May 24, 2004 Order to show cause by Affirmation why the one-year statute of limitations on motions under Section 2255 should not bar his claim.

 For this ground, Petitioner alleged that his "trial attorney ... provided ineffective assistance of counsel at sentencing."

(Pet. at 2.)  As explained in the Court's May 24, 2004 Order, Petitioner's one-year statute of limitations deadline to file a Section 2255 petition under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") was February 17, 2001.  However, this Court's Pro Se Office received Petitioner's petition on September 5, 2003--over two-and-a-half years past the deadline for filing.  In its May 24, 2004 Order, the Court specifically directed Petitioner in his Affirmation to:

> include the date(s) of any appeals of his conviction along with the decisions of the appellate courts. Movant should also include the date on which he handed the instant motion to prison officials for delivery to the district court. . . . Finally, Movant should include any facts which would show that (i) extraordinary circumstances prevented him from filing his petition on time, and that (ii) he acted with reasonable diligence throughout the period he seeks to toll.

While Petitioner timely filed an Affirmation on July 23, 2004, the Affirmation does not specifically address the information requested in the Court's Order.  In the Affirmation, Petitioner alleges that he failed to file his Section 2255 petition in a timely fashion "because my attorney did not advice [sic] me of my right to file an appeal nor file a motion attacking my sentence," and also because, "I am a person of

limited English speaking ability and I had to rely on jail house lawyers to advise me as to my constitutional rights."

Liberally reviewing his Affirmation, as Petitioner's pro se status warrants (see Haines v. Kerner, 404 U.S. 519, 520, 30 L. Ed. 2d 652, 92 S. Ct. 594 (1972); Graham v. Henderson, 89 F.3d 75, 79 (2d Cir. 1996)), Petitioner appears to cite four reasons for the untimely filing of his habeas petition. The first two reasons, that his attorney did not file an appeal and did not file a habeas petition on his behalf, do not explain why Petitioner failed to file his Section 2255 within the one-year statute of limitations, nor do the reasons as stated serve to toll the one-year time period. Accordingly, on these bases, Petitioner's Section 2255 petition is time-barred.

The Court now turns to the third and fourth reasons cited by Petitioner as to why his claim should not be considered time-barred: he speaks limited English; and he relied on jailhouse lawyers. The Second Circuit has held that a district court may equitably toll the limitations period to file a Section 2255 motion where "rare and exceptional circumstances" are shown. Green v. United States, 260 F.3d 78, 82-83 (2d Cir. 2001). For a court to permit such tolling, the petitioner "must demonstrate

that he acted with 'reasonable diligence' during the period he wishes to have tolled, but that despite his efforts, extraordinary circumstances 'beyond his control' prevented successful filing during that time." Smaldone v. Senkowski, 273 F.3d 133, 138 (2d Cir. 2001) (quoting Smith v. McGinnis, 208 F.3d 13, 17 (2d Cir. 2000)). Furthermore, Petitioner must show a causal relationship between the extraordinary circumstances that prevented him from filing and the lateness of the filing, which "cannot be made if the petitioner, acting with reasonable diligence, could have filed on time notwithstanding the extraordinary circumstances." Hizbullahankhamon v. Walker, 255 F.3d 65, 75 (2d Cir. 2001) (quoting Valverde v. Stinson, 224 F.3d 129, 134 (2d Cir. 2000)).

Even liberally construing the Affirmation, Petitioner's reasons fail to qualify as "extraordinary circumstances" that would have prevented him from filing his petition on time. It is well established that failure to speak or understand English and failure to receive full assistance from a law library or jailhouse lawyer are not sufficient excuses to toll the statute of limitations. See Huang v. United States, No. 03-3755, 2003 U.S. Dist. LEXIS 17409, at *7 (S.D.N.Y. Oct. 3, 2003) ("The

district courts in the Southern District have unanimously found that inability to speak English and lack of familiarity with the legal system are not 'rare and exceptional' circumstances, and thus are not grounds for equitable tolling."); <u>Mendez v. Artuz</u>, No. 99-2472, 2000 U.S. Dist. LEXIS 9958, at *5 (S.D.N.Y. July 19, 2000) (holding that not being proficient in English and a fellow inmate's inaccurate legal advice as to the requirements of AEDPA are not extraordinary or exceptional circumstances warranting equitable tolling); <u>Martinez v. Kuhlmann</u>, No. 99-1094, 1999 U.S. Dist. LEXIS 21318, at *18-19 (S.D.N.Y. Dec. 3, 1999) ("An inability to speak, read or write English, alone or in combination with difficulty obtaining assistance in legal research from other prisoners or prison staff, is not sufficiently extraordinary to merit equitably tolling the AEDPA's one-year statute of limitations, since these are disabilities common to many prisoners."); <u>Armand v. Strack</u>, No. 98-6650, 1999 U.S. Dist. LEXIS 3807 *12-13 (E.D.N.Y. Feb. 19, 1999) (citing cases where inability to receive full legal assistance from the prison library staff and lack of fluency in English do not serve to toll one-year limitations period).  Accordingly, Petitioner's motion fails on these two grounds as well.

As Petitioner has failed to show why the one-year statute of limitations on motions under Section 2255 should not apply to this case, Petitioner's petition is hereby DISMISSED as being time-barred. Because Petitioner has not made a substantial showing of the denial of a Constitutional right, a certificate of appealability will not issue. 28 U.S.C. § 2253. <u>See</u> <u>United States v. Perez</u>, 129 F.3d 255, 260 (2d Cir. 1997). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith. <u>See</u> <u>Coppedge v. United States</u>, 369 U.S. 438, 8 L.Ed. 2d 21, 82 S. Ct. 917 (1962). The Clerk of the Court is directed to close this case.

SO ORDERED.

Dated:    June *8*, 2005
           New York, New York

*Deborah A. Batts*
DEBORAH A. BATTS
United States District Judge